# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## ·AUSTIN 11



GROVER SELLERS
ATTORNEY GENERAL

Honorable Sam H. Davidson
County Attorney
Levelland, Texas

Dear Sir:

Opinion No. 0-6394

Re: Under present law guardian of
a minor must give a bond in
double the amount of pension
for and/or insurance money
the child is entitled to dur-
ing minority.

Your letter of June 26, 1945, relative to the amount
of bond required of the guardian of the minor whose father was
killed in service and which child is receiving insurance in
monthly installments and a pension in monthly installments has
been given our careful consideration. Your question has been
definitely settled and answered in the recent case of Barrett
v. Safety Casualty Co. 179 S. W. (2d) 537. In said case the
sole question involved was the amount of bond that the guardian
was required to give for a minor who was to receive from the
Safety Casualty Company $9.68 per week for 360 consecutive
weeks, making a total possible amount of $3484.80. The con-
tention was made that a bond was required for double the
$3484.80. The Court held that the guardian was required to
give this large bond and after discussing the matter as being a
case of first impression in our courts in the last paragraph
of the opinion used the following language:

"However, the identical question has been
passed upon in other jurisdictions. In 39 C.J.S.,
Guardian and Ward, paragraph 34, it is stated:
'Where the wards have a pension, the guardian
should be required to give a bond sufficient to
cover the entire amount of the pension until the
majority of the wards, although the pension money
may be used from time to time for their support.'
This text was based upon the case of West v.
Forsythe, 1870, 34 Indiana 418. That case was
instituted to remove a guardian because of the

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

insufficiency of his bond. The father of two minors died during the Civil War, his widow re-married, and the stepfather attempted to qualify as guardian of the estate of the minors, which consisted of a pension allowed by the Government of $140 per annum until each minor attained the age of sixteen. In announcing its decision, the court used language applicable to the case under consideration; it said: 'It is quite clear that Forsythe should not continue to act as the guard-ian of these children and receive on their behalf the bounty or pension due them from the govern-ment, without giving a bond which will be ample to secure it to them when the period of their wardship terminates * * *.'"

Under the above authority, it is our opinion that the guardian under the law as it exists at present will have to give a bond for double the amount that the minor could receive under the stated facts during his minority.

We call your attention, however, to the fact that the Legislature at its recent session amended this statute and said Act will take effect in September, 1945. Under the new law, the guardian will be required to make a bond for only double the amount that she will receive any one year. It may be wise, therefore, for the matter to be held in abeyance, if possible, until the new law takes effect in September.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By

Geo. W. Barcus
Assistant

GWB/JCP

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN